UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN V. GUTHRIE, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 3:15-CV-257 JD |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

John V. Guthrie, a *pro se* prisoner, filed a habeas corpus petition attempting to challenge his convictions for child molesting and 35 year sentence by the Lake Superior Court under cause number 45G01-0807-FA-28 on February 19, 2010. However, habeas corpus petitions are subject to a strict one year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Question 16 on the habeas corpus form included the entire text of 28 U.S.C. § 2244(d) and asked Guthrie to explain why the petition was timely. In response he wrote: :

> Per the Antiterrorism and Effective Death Penalty Act of 1996 as contained in 28 U.S.C. § 2244(d) provides in part that: 1(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Judgment became final 10-2-2014 [when] denied transfer to Supreme Court of Indiana.
> Petitioner has been diligently seeking relief from the day of his conviction.

DE 4 at 5. Neither that response, nor anything else in the petition, indicate that §§ 2244(d)(1)(B), (C), or (D) are applicable to determining when the 1-year period of limitation began to run. Rather, Guthrie argues that § 2244(d)(1)(A) is the applicable provision of the statute – and the court agrees. However, the court does not agree with Guthrie that October 2, 2014, is the correct date.

After Guthrie was convicted, he took a direct appeal. The Court of Appeals of Indiana affirmed his conviction on November 29, 2010.[1] Guthrie did not file a petition to transfer to the Indiana Supreme Court. DE 4 at 1. The deadline for doing so expired 30 days later on December 29, 2010. *See* Ind. R. App. P. 57(C). That is when his conviction became final and the 1-year period of limitation began running the next day. The deadline for filing a habeas corpus petition expired a year later on December 29, 2011. Though he filed a post-conviction relief petition on February 7, 2012, DE 4 at 2, by then the time for filing a habeas corpus petition had already expired and it was too late for that petition to toll the 1-year period of limitation.

---

[1] Guthrie states that the Court of Appeals of Indiana affirmed his conviction on January 11, 2011. DE 4 at 1. However, the opinion of that court demonstrates that it was issued on November 29, 2010. *See Guthrie v. State*, 938 N.E.2d 863 (Ind. Ct. App. 2010) (table). Nevertheless, even if January 11, 2011, were the correct date, this habeas corpus petition would still be untimely. Using the January 11th date, the deadline for filing a petition to transfer to the Indiana Supreme Court would have expired on February 10, 2011. By the time he filed his post-conviction relief petition on February 7, 2012, 361 days would have expired and Guthrie would have had only 4 days remaining. Thus, when his post-conviction relief proceedings ended on October 2, 2014, the deadline for filing a habeas corpus petition would have expired on October 6, 2014.

Guthrie argues that the one year should start on October 2, 2014, when the Indiana Supreme Court denied transfer and ended his post-conviction relief proceedings. However, that ruling did not "restart" the federal clock, nor did it "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Thus, by the time that Guthrie signed the original habeas corpus petition on June 15, 2015, DE 1 at 5,[2] it was more than three years late. Because it was untimely, it will be dismissed. Though this might seem harsh, even petitions that are one day late are time barred. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) and *Simms v. Acevedo*, 595 F.3d 774 (7th Cir. 2010).

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* As previously explained, this petition is untimely. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For these reasons, the court **DISMISSES** this habeas corpus petition because it is untimely and **DENIES** a certificate of appealability.

---

[2] The date written on the petition is "6/15/05" (DE 1 at 5) but clearly it was not signed in 2005 – three years before the charged crime was committed in 2008 *See Guthrie v. State*, 938 N.E.2d 863 (Ind. Ct. App. 2010) (table). The clerk received this habeas corpus petition by mail on June 22, 2015. The envelope in which it arrived had a postage meter dated June 17, 2015. DE 1-2. Therefore the court concludes that it was signed in 2015.

SO ORDERED.

ENTERED: November 25, 2015

                                                    /s/ JON E. DEGUILIO
                                      Judge
                                      United States District Court